ELECTRONICALLY FILED
3/2/2016 3:15 PM
22-CV-2016-900007.00
CIRCUIT COURT OF
COOSA COUNTY, ALABAMA
JEFF WOOD, CLERK

# IN THE CIRCUIT COURT OF COOSA COUNTY ALABAMA

TINA SWEAT, )
)
    PLAINTIFF, )
)
v. ) CIVIL ACTION NO.:
) CV-2016-
)
OCWEN LOAN SERVICING LLC, )
U.S. BANK N.A. (INC.), )
MORTGAGE ELECTRONIC )
REGISTRATION SYSTEMS, INC. )
)
DEFENDANTS. )

## COMPLAINT

Comes now, the Plaintiff, Tina Sweat, by and through her attorney of record and files her complaint against Defendants, Ocwen Loan Servicing LLC, Mortgage Electronic Registration Systems, Inc. (MERS), and U.S. Bank National Association[1], in accordance with the Alabama Rules of Civil Procedure, and in support of said amended complaint states as follows:

## PARTIES

1. The Defendants, Ocwen Loan Servicing LLC., and U. S. Bank National Association are foreign corporations doing business in Coosa County Alabama, and are "debt collectors" as that term is defined by 15 U.S.C. § 1692a(6).

---

[1] Defendant U. S. Bank's actual legal name for purposes of this lawsuit is:
    U. S. Bank National Association as Trustee for the GSAMP Trust 2006-HE2 Mortgage, Pass Through Certificates, Series 2006-HE2.

1

2. The Plaintiff, Tina Sweat, in this action is an adult resident of Coosa County, Alabama, and is a "consumer" and/or persons affected by a violation of the FDCPA.

## JURISDICTION

3. Jurisdiction is proper in this Court as the underlying action is based upon a contract executed in Coosa County, Alabama. The action is brought regarding an attempted foreclosure instituted in Coosa County, Alabama, and is in the nature of a complaint regarding that attempted foreclosure action. The action is brought to enforce the contractual remedies allowed in the mortgage document. The action seeks damages in contract and tort for the actions of the Defendants with respect to their servicing and attempted foreclosure on the loan in question.

## VENUE

4. Venue is proper in this Court as the Plaintiff are citizens of Coosa County, all or substantially all of the wrongs complained of occurred in this county, and the property is situated in this county.

## STATEMENT OF FACTS

5. Tina Sweat bought the property located at 1356 Stewartville Road Sylacauga Alabama 35151. On December 8, 2005, Sweat bought the property in question and financed the purchase with South Star Funding LLC and executed a mortgage with Mortgage Electronic Registration System Inc. (MERS) solely as nominee for lender South Star Funding LLC and also signed a promissory note with South Star Funding LLC. The Mortgage contract provides for an escrow account for the taxes and insurance. The mortgagee is required to pay for the insurance and taxes from the escrow account.

6. Tina Sweat currently resides at 6396 Bull Gap Road in Good Water Alabama 35072.

7. The loan was allegedly later sold and transferred to Ocwen and U. S. Bank although the Plaintiff was not made aware of said transfer and disputes the validity of the alleged transfer.

8. On March 9, 2015, Defendants improperly and wrongfully began foreclosure proceedings on Sweat's property.

9. The Law firm of Sirote and Permutt, P.C. handled the attempted foreclosure sale.

10. The Defendants began foreclosure proceedings on Plaintiff's property on March 9, 2015 despite knowing that the Plaintiff claimed that she was not in default and that the attempted foreclosure sale was wrongful and invalid.

11. The foreclosure sale date was reported to the national credit bureaus and Sweat's credit was damaged as a result of the reporting of the foreclosure sale date which was invalid and wrongful.

12. Sweat upon information and belief, contend that the alleged Assignment of the note and mortgage is defective, void, or otherwise unenforceable as to the security instrument in question in this case.

13. Sweat contends that the attempted sale was wrongful, illegal, in violation of law and the documents governing the relationship between Sweat and the owners of the note and mortgage. Furthermore, Sweat alleges that she was not behind in her payments on the mortgage and that she was improperly defaulted and that the note was improperly accelerated.

14. Sweat contends that the foreclosing entity lacked standing or authority to initiate foreclosure proceedings on her property.

15. Sweat alleges that the actions of the Defendants and its agents, employees and servants were wrongful and tortious.

16. Sweat alleges that the actions of Defendants by improperly attempting foreclosure on their property is a violation of law, wrongful and tortious and that the Defendants had no authority to foreclose on her home or property, and that their actions constitute negligence, wantonness, abuse of process and slander of title.

17. As a direct result of the acts complained of Sweat has suffered great mental anguish, damage to his reputation, economic and emotional damages and claims from Defendants all damages allowable under the law.

18. In October 2014, Sweat sent a monthly payment to Defendants; however, Defendants refused the payment and returned it to Sweat without explanation. After, Sweat called and inquired as to the returned payment, Defendants advised Sweat that she was in default for failure to make payments, but could not explain why she was allegedly in default. Moreover, Defendants advised Sweat that it would no longer accept payments from them and that Defendants would be turning over their account for foreclosure. Prior to October 2014, Defendants accepted and cashed Plaintiff's monthly payments, but failed to properly apply them to her account pursuant to paragraph 2 of the mortgage contract. From September 2014 until January 2015, Defendants returned payments to Sweat again also in violation of the mortgage contract.

19. Specifically, the October 2013, May 2014, August 2014, and September 2014 payments, as well as others, were cashed by Defendants but not applied at all to Sweat's account.

20. On March 9, 2015, Defendants improperly and wrongfully began foreclosure proceedings on Sweat's property.

21. The Defendants purportedly began foreclosure proceedings on Plaintiff's property on March 9, 2015 despite knowing that the Plaintiff, Sweat, claimed that the attempted foreclosure sale was wrongful and invalid, and that she was not in default at the time of the acceleration.

22. The foreclosure sale date which included false information related to the alleged default on the indebtedness was published in the newspaper in September 2015, October 2015 and February 2016. Furthermore, said false and inaccurate information related to Sweat's alleged default was reported to the national credit bureaus and Sweat's credit and reputation were damaged as a result of the reporting of the foreclosure sale date and default which was invalid and wrongful.

23. Sweat contends that the attempted sale was wrongful, illegal, in violation of law and the documents governing the relationship 5between

4

        Sweat and the owners of the note and mortgage. Furthermore, Sweat alleges that she was not behind in her payments on the mortgage and that she was improperly defaulted and that the note was improperly accelerated.

24. Sweat alleges that the actions of Defendants by improperly attempting foreclosure on her property is a violation of law, wrongful and tortious and that the Defendants had no authority to foreclose on her home or property, and that their actions constitute negligence, wantonness, abuse of process and slander of title. As a direct result of the acts complained of the Sweat has suffered great mental anguish, damage to her reputation, economic and emotional damages and claims from Defendants all damages allowable under the law.

## COUNT ONE
## NEGLIGENCE

25. The Plaintiff re-alleges all prior paragraphs as if set out here in full.

26. The Defendants negligently serviced the loan made the basis of this suit, negligently attempted to collect sums not owed by the Plaintiff, negligently caused her property insurance to be canceled, negligently defaulted the Plaintiff, negligently attempted a foreclosure sale on Plaintiff's property, were negligent by failing to make sure that information disseminated to others (including the national credit bureaus and those credit grantors likely to use the information provided by those bureaus) was not false, neither libelous nor slanderous, and rose to the level of maximum accuracy; negligent by failing to properly train their employees on the thorough investigation of disputed accounts; negligent by failing to properly train, and/or supervise their employees and agents with regard to the handling of Plaintiff's loan account and failing to remove the adverse reporting from Plaintiff's credit once he disputed the same.

27. As a direct result of the said negligence, the Plaintiff was injured and damaged as alleged above and has suffered mental anguish, economic injury and all other damages allowed by law.

28. As a result thereof, the Defendants are liable for all natural, proximate and consequential damages due to their negligence.

## COUNT TWO
## WANTONNESS

29. The Plaintiff re-alleges all prior paragraphs as if set out here in full.

30. The Defendants acted with reckless indifference to the consequences, and consciously and intentionally wrongfully serviced the loan made the basis of this suit, attempted to collect sums not owed by the Plaintiff, caused his property insurance to be canceled, defaulted the Defendants, attempted to conduct a foreclosure sale on Plaintiff' property, failed to make sure that information disseminated to others (including the national credit bureaus and those credit grantors likely to use the information provided by those bureaus) was not false, neither libelous nor slanderous, and rose to the level of maximum accuracy; failed to properly train their employees on the thorough investigation of disputed accounts; failed to properly train, and/or supervise their employees and agents with regard to the handling of Sweat's loan account and failing to remove the adverse reporting from Sweat's credit once she disputed the same.

31. These actions were taken with reckless indifference to the consequences, consciously and intentionally in an effort to increase profits for the Defendants.

32. The Defendants knew that these actions were likely to result in injury to the Plaintiff including financial and emotional injuries and mental anguish.

33. As a proximate result of the Defendants' wantonness the Plaintiff was injured and harmed and suffered financial injury and emotional damage.

34. As a result thereof, Defendants is liable for all natural, proximate and consequential damages due to its wantonness as well as punitive damages upon a proper evidentiary showing.

## COUNT THREE
## UNJUST ENRICHMENT

35. The Plaintiff adopts and re-alleges all prior paragraphs as if set out here in full.

36. The actions of the Defendants in attempting foreclosure on the home of the Plaintiff in violation of law resulted in Defendants being unjustly enriched by the payment of fees, insurance proceeds and equity in the home.

37. As a result of the Defendants' unjust enrichment, the Plaintiff has been injured and damaged in that the Plaintiff has been forced to pay charges that were illegal, wrong in character, wrong in amount, unauthorized, or otherwise improper under threat of foreclosure by the Defendants.

38. The Plaintiff claim all damages allowable under law as a result of the Defendants' wrongful conduct and unjust enrichment.

## COUNT FOUR
## WRONGFUL FORECLOSURE

39. The Plaintiff re-alleges all prior paragraphs as if set out here in full.

40. Defendants wrongfully initiated and attempted to conduct a foreclosure proceeding against the Plaintiff in violation of law.

41. The attempted foreclosure proceeding by the Defendants was either negligent, wanton or intentional, depending on proof adduced at Trial. The power of sale was exercised for a purpose other than to secure the debt owed by plaintiff, as the plaintiff was current on the debt at the time of the default and acceleration.

42. As a result thereof, the Defendants are liable for all natural, proximate and consequential damages due to their actions including an award of punitive damages upon a proper evidentiary showing.

## COUNT FIVE
## SLANDER OF TITLE

43. The Plaintiff re-alleges all paragraphs as if set out here in full.

44. Defendants are attempting foreclosure which has caused a cloud to be placed on the title of the property of the Plaintiff.

45. As the proximate cause of the Defendants' said slandering of the Plaintiff's title, she was caused to suffer injuries and damages and claims all damages allowable under law.

## COUNT SIX
## BREACH OF CONTRACT

46. The Plaintiff adopts and re-alleges all prior paragraphs as if set out here in full.

47. The Plaintiff and his Lender entered into the standard Fannie Mae/Freddie Mac Uniform Instrument" mortgage agreement.

48. The Defendants serviced the loan and breached the agreement by failing to comply with essential terms in paragraph 2 regarding the application of payment and the notice requirements of paragraph 22 of the agreement.

49. As a result of the Defendants' breach of the mortgage contract, the Plaintiff was caused to suffer injuries and damages and claims all damages allowable under law.

50. That paragraph 2 of the terms of the agreement entered into between Plaintiff and Wilmington Finance detail the application of payments. That, as more fully described above, Defendants failed to apply regular monthly payments, supplemental monthly payments, in the proper manner according to the terms of the note and mortgage. More specifically, Defendants never applied some payments at all to Sweat' account even though Sweat sent in the payment and it was deposited by Defendants. Apparently, Defendants have misplaced or are unable to account for the funds from payments made or sent by Sweat. Moreover, numerous other payments made

by Sweat were returned to her by Defendants without reason or without explanation. More specifically, for example, in November 2013 Sweat's payment was returned to her.

51. That this misapplication of funds constitutes a breach of the mortgage contract and thus entitles Sweat to damages.

52. In addition, Defendants failed to send proper notices to Sweat as required by the mortgage contract. Even if Sweat is in default, Defendants failed to send a proper notice of default, a proper notice of intent to accelerate, and a proper notice of acceleration. The contract terms related to notice are as follows:

> Lender shall give notice to Borrower **prior to acceleration** following Borrower's breach of any covenant or agreement in this Security Instrument . . . The notice shall specify (a) the default; (b) the action required to cure the default; (c) a date not less than 30 days from the date the notice is given to Borrower by which the default must be cured; and (d); that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform the Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument....

Accordingly, Defendants failed to comply with this provision of the mortgage contract and has therefore breached the contract.

53. Moreover, Paragraph 22 of the mortgage document gives the Plaintiff the right to bring an action to dispute the existence of a default and raise defenses thereto. Accordingly, the Plaintiff exercises her right pursuant to paragraph 22 of the mortgage document and hereby challenges the existence of a default on his mortgage indebtedness. As previously, discussed, the Plaintiff is not in default, has made payments every month as required by the mortgage and note and is not behind on her mortgage payments.

## COUNT SEVEN
## FRAUD

54. The Plaintiff adopts and re-alleges all prior paragraphs as if set out here in full.

55. The Defendants misrepresented that the loan was in default. Further, the Defendants made false and misleading representations, to wit: dissemination of inaccurate information regarding the loan account as being in default and dissemination of inaccurate information regarding the credit history and credit of the Plaintiff that was known to be false.

56. Said misrepresentations were made negligently and/or willfully and/or wantonly and/or fraudulently, and/or recklessly with the intent to induce the Plaintiff to act thereon and upon which the Plaintiff did in fact act to her detriment.

57. Plaintiff justifiably relied upon said representations made by Defendants and as a result of said reliance proceeded with the execution of the loan; at the time said representations were made the same were false and known by the Defendants to be false and/or were false and made by mistake with the intent for Plaintiff to rely thereon.

58. As a proximate cause of the aforementioned fraudulent misrepresentations made by the Defendants, Plaintiff was proximately caused to suffer injury and damage.

## COUNT EIGHT
## PLACED IN A FALSE LIGHT

59. Plaintiff adopts the above paragraphs as if fully set forth herein.

60. In association with the servicing of the loan account, Defendants held Sweat up in a false light and made undesirable and negative character and credit reputation remarks on or about the Plaintiff by either speaking or writing undesirable and negative character and reputation remarks about Sweat which was offensive, untrue, and inaccurate, and which alleged

Sweat was behind on her debt serviced by Defendants, or has a bad debt with Defendants.

61. Defendants knew Sweat was not in default on the account, as it was paid to date and as such, that there existed no basis in law or fact, for the Defendants to make offensive, untrue, and inaccurate reports regarding Sweat. Defendants knew this at the times they were reporting such information.

62. Defendants held Sweat up in a false light and made undesirable and negative and credit reputation remarks on or about Sweat in the national credit reporting media and to her homeowner insurance carrier. Defendants provided this false information to third parties.

63. The conduct of Defendants was objectionable to Sweat and to any reasonable person. Defendants' action was willful, reckless, wanton and/or made with malice and resulted in Sweat being unreasonably placed in a false light.

64. Due to Defendants' conduct, Sweat was caused to have negative credit reports, denied homeowners insurance, held up to public ridicule or shame, humiliated, made to suffer physically and mentally, and endure anguish.

WHEREFORE, PREMISES CONSIDERED, Sweat Prays for Judgment against Defendants in an amount to be determined by trier of fact.

## COUNT NINE

### DEFAMATION, LIBEL, SLANDER

65. Plaintiff adopts the above paragraphs as if fully set forth herein.

66. The Defendants willfully, wantonly, recklessly and/or maliciously published and communicated false and defamatory statements regarding the Plaintiff and said statements have subjected the Plaintiff to the denial of credit by third parties, resulted in homeowner's insurance cancellation and harmed the Plaintiff's credit reputation. As previously stated, the Plaintiff was current on his mortgage account and has made payments each and every month. Accordingly, he was not in default. Despite Sweat's account being current, Defendants published in the newspaper false information

regarding his account being in default and false information regarding its right to conduct a foreclosure sale on Sweat's property.

67. Said false and defamatory statements have harmed the reputation of the Plaintiff and/or deterred third persons from associating with Sweat.

68. The Defendants communicated to credit reporting agencies and/or other third parties, false information that Sweat defaulted on the loan and was in foreclosure, disseminated and imputed false and misleading credit history and worthiness information concerning Sweat.

69. Defendants published such defamatory and libelous information in the Alabama Messenger.

70. Said communications were false in that Plaintiff was not indebted to the Defendants in the amount reported, and Plaintiff was not delinquent as reported by the Defendants, and Plaintiff is the legal and rightful owner of the mortgage note.

71. At the time said communications were made, Defendants knew, or should have known, of the falsity of the communication or recklessly disregarded the potential inaccuracy of the information, yet knowingly, willfully, and maliciously communicated the falsity.

72. As a result of the intentional communication to third parties of false information, Sweat was caused to suffer injury to his reputation in the eyes of the community and the public and was subject to ridicule.

73. Said communications were oral and/or written.

74. As a proximate consequence of the Defendants' acts, Sweat was caused to be injured and damaged.

75. Defendants published such defamatory and libelous information. Defendants knew Sweat was not in default on the account, as it was paid to date and as such, that there existed no basis in law or fact, for the Defendants to make offensive, untrue, and inaccurate reports regarding Sweat. Defendants knew this at the times they were reporting such information. Furthermore, Defendants published in the local newspaper in Coosa County Alabama the false information of the default on the loan in the foreclosure sale notice. This foreclosure sale notice states that the

Plaintiff's loan is in default and in foreclosure. Defendants knew this information was inaccurate at the time it published this notice in the local paper, and the published false information harmed Sweat's reputation and character. As a result, the Plaintiff suffered damages of their reputation which negatively affected their credit and their business causing monetary losses.

76. Said communications were false in that Plaintiff were not indebted to the Defendants in the amount reported, Plaintiff was not delinquent as reported by the Defendants, and Defendants is not the legal and rightful owner of the mortgage note.

77. At the time said communications were made, Defendants knew, or should have known, of the falsity of the communication or recklessly disregarded the potential inaccuracy of the information, yet knowingly, willfully, and maliciously communicated the falsity.

78. As a result of the intentional communication to third parties of false information, Sweat was caused to suffer injury to their reputation in the eyes of the community.

## COUNT TEN:
## VIOLATIONS OF TRUTH IN LENDING

79. The Plaintiff re-allege and adopt the above paragraphs as if fully set forth herein and also asserts the following:

80. Defendants violated the Federal Truth in Lending Act.

81. The Plaintiff institutes this action for actual damages, statutory damages, attorney's fees, and the costs of this action against Defendants for multiple violations of the Truth in Lending Act, 15 U.S.C. §1601et seq. , (hereinafter TILA),and Federal Reserve Board Regulation Z, 12 C.F.R. § 226,promulgated pursuant thereto.

82. This complaint is solely for monetary damages pursuant to15 U.S.C. § 1640. Under 15 U.S.C. § 1640(a), it is not necessary to allege or to prove actual damages to recover statutory damages.

83. Defendants, are covered by the Act as it regularly extended or offered to extend consumer credit for which a finance charge is or may be imposed or which, by written agreement, is payable in more than four installments, and is the person to whom the transaction which is the subject of this action is initially payable, making Defendants a creditor within the meaning of TIL, 15 U.S.C. § 1602(f) and Regulation Z § 226.2(a)(17).

84. Defendants did not provide a proper copy of the notices required by the Act to the Plaintiff. The disclosure statement issued in conjunction with this consumer credit transaction violated the requirements of Truth in Lending and Regulation Z in the following and other respects: (a). By failing to provide the required disclosures prior to consummation of the transaction in violation of 15 U.S.C.§ 1638(b) and Regulation Z § 226.17(b). (b). By failing to make required disclosures clearly and conspicuously in writing in violation of 15 U.S.C. § 1632(a)and Regulation Z § 226.17(a). (c). By failing to include in the finance charge certain charges imposed by Defendants payable by plaintiff incident to the extension of credit as required by 15 U.S.C. § 1605and Regulation Z § 226.4, thus improperly disclosing the finance charge in violation of 15 U.S.C. § 1638(a)(3) and Regulation Z § 226.18(d). Such amounts include, but are not limited to the attorney fees and late fees, 15 U.S.C. § 1605(a), Regulation Z§ 226.4(a).

85. The regulations require that the notice shall identify the transaction or occurrence and clearly and conspicuously disclose the following: The retention or acquisition of a security interest in the consumer's principal dwelling. The consumer's right to rescind, as described in paragraph (a)(1) of this section. How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business. The effects of rescission, as described in paragraph (d) of this section. The date the rescission period expires. (See Reg. Z §§ 226.15(b)(5) and 226.23(b).

86. By charging "attorney fees" and other "fees" not authorized by the mortgage contract, Defendants has made unauthorized charges and failed to disclose these charges in violation of the Act. In this case, Defendants added fees to Sweat' account in September 2014 which are referenced in the notice of default. Moreover, once the account was turned over to the attorney for foreclosure in March 2015, additional fees were improperly added to the account. Each time the sale was published in the newspaper up to and including December 2015,

      Defendants added additional and unauthorized fees to Sweat' account balance.

87. By calculating the annual percentage rate (APR) based upon improperly calculated and disclosed finance charges and amount financed, 15 U.S.C. § 1606, Regulation Z§ 226.22, Defendants understated the disclosed annual percentage rate in violation of 15 U.S.C. § 1638(a)(4) and Regulation Z § 226.18(c).

88. That the Defendants have been improperly amortizing the loan, and have failed to provide proper disclosures to the Plaintiff. Defendants failed to send proper monthly statements to Sweat in violation of the Act.

89. By reason of the aforesaid violations of the Act and Regulation Z, Defendants are liable to Sweat in the amount of twice the finance charge, actual damages to be established at trial, and attorney's fees and costs in accordance with 15U.S.C. § 1640 for violations of Federal Truth in Lending Act.

## COUNT ELEVEN:
## VIOLATIONS OF REAL ESTATE SETTLEMENT PROCEDURES ACT (RESPA)

90. The Plaintiff re-alleges and adopts the above paragraphs as if fully set forth herein and also asserts the following:

91. Defendants violated the Real Estate Settlement Procedures Act (REPA) by failing to acknowledge or respond to Sweat' Qualified Written Request (QWR). Defendants violated the Real Estate Settlement Procedures Act (REPA) by failing to acknowledge or respond to Sweat' Qualified Written Request (QWR) within in the time provided by federal law.

92. Sweat made a Qualified Written Request pursuant to RESPA to Defendants on September 12, 2015 and November 5, 20154 which was sent by certified mail. It was signed for by Defendants acknowledging receipt of the QWR. Defendants never acknowledged receipt of the QWR request and never responded to it. Defendants' failure to acknowledge and properly respond to the QWR request is a violation of RESPA or the Dodd-Frank Act. Because of said violations of said acts, the Plaintiff was damaged because they were not informed of the information regarding their loan. Because

the Defendants failed to give this information to Sweat, she was not able to stop the foreclosure on their home. Accordingly, Sweat is entitled to damages from the Defendants. Plaintiff suffered damages by Defendants' failure to comply with the RESPA law because they were unable to get a proper accounting of the fees and charges owed on the account to cure any alleged default and as a result a foreclosure sale was set.

## COUNT TWELVE

## FAIR CREDIT REPORTING ACT

93. Sweat re-alleges and adopts the above paragraphs as if fully set forth herein and also asserts the following .

94. The Plaintiff disputed the account and false credit reporting. Defendants were inaccurately reporting that Sweat was delinquent in her mortgage loan and in Default. The Plaintiff repeatedly contacted Defendants from September 2013 until February 28, 2015 and informed Defendants regarding ITS INACCURATE REPORTING. Moreover, the Plaintiff contacted the credit national bureaus and informed them of the inaccurate information and disputed same. Nonetheless the credit reports were never changed because Defendants kept reporting the account as delinquent and in foreclosure.

95. Despite receipt of the dispute, Defendants failed to properly investigate and respond, failed to make any effort to verify the complaints of plaintiff and reported the false, derogatory information to the consumer reporting agencies in violation of their duties as a furnisher of credit.

96. According to the national consumer reporting agencies' reports the Defendants falsely reported about plaintiff's disputed debt.

97. Defendants likewise willfully, or alternatively, negligently, violated the Fair Credit Reporting Act by failing to properly conduct a reasonable investigation and by failing to supply accurate and truthful information.

98. Rather, Defendants reported false and inaccurate information and failed to retract, delete and suppress false and inaccurate information it reported about the plaintiff.

99. Defendants failed to conduct a reasonable investigation with respect to consumer credit data it reported about the plaintiff.

100. Defendants failed to review all relevant and pertinent information provided to it regarding the debt.

101. As a proximate result of the Defendants' fraudulent conduct the Plaintiff have been injured and damaged.

102. Defendants' violations and false credit reporting about plaintiff have been a substantial factor in causing credit denials and other damages.

103. Defendants are liable unto plaintiff for all actual, statutory, exemplary and punitive damages awarded in this case, as well as other demands and claims asserted herein including, but not limited to, out-of-pocket expenses, credit denials, costs and time of repairing their credit, pain and suffering, embarrassment, inconvenience, lost economic opportunity, loss of incidental time, frustration, emotional distress, mental anguish, fear of personal and financial safety and security, attorneys' fees, and court costs, and other assessments proper by law and any and all other applicable federal and state laws, together with legal interest thereon from date of judicial demand until paid.

104. WHEREFORE PLAINTIFF, PRAYS that after all due proceedings be had there be judgment herein in favor of Plaintiff and against Defendants. 1) That there be Judgment in favor of Plaintiff and against Defendants, for all reasonable damages sustained by Plaintiff including but not limited to actual damages, statutory damages, compensatory damages, out-of-pocket expenses, credit denials, adverse action, lost credit opportunities, costs and time of repairing his credit, pain and suffering, embarrassment, inconvenience, lost economic opportunity, loss of incidental time, frustration, emotional distress, mental anguish, fear of personal and financial safety and security, and for punitive/exemplary damages, attorneys' fees, and court costs, and other assessments proper by law and any and all other applicable federal and state laws, together with legal interest thereon from date of judicial demand until paid; and 2) That this Honorable Court order Defendants to reinvestigate and correct the credit report(s), data emanations, and credit histories of and concerning Plaintiff or any of plaintiff's personal identifiers.

## COUNT THIRTEEN

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692 et seq.

105. The Plaintiff re-incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

106. The acts and omissions of counter-Defendants as more specifically stated in the facts constitutes numerous and multiple violations of the FDCPA including, but not limited to, §1692e(2), §1692e(8), and §1692f(1), with respect to the Plaintiff. As a result of counter Defendants' violations of the FDCPA, the Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15U.S.C. § 1692k(a)(3) from Defendants.

107. Within the last 12 months, Defendants attempted to collect amounts not owed under the mortgage contract. Within the last 12months, Defendants sought unjustified amounts, which would include demanding any amounts not permitted under an applicable contract or as provided under applicable law in violation of the Act §1692f(1). Within the last 12 months, Defendants threatened legal action that was either not permitted or not actually contemplated in violation of the Act §1692 e. Within the last 12 months, Defendants communicated with third parties: revealing or discussing the nature of debts with third parties in violation of the Act §1692 c. Defendants within the last 12 months, failed to identify themselves and notify the Plaintiff in every communication, that the communication was from a debt collector in violation of the Act §1692e(11). Within the last 12 months Defendants falsely stated the amount of the debt owed in violation of §1692e2a.

## COUNT FOURTEEN:
## CLAIM FOR DECLARATORY RELIEF

108. The Plaintiff re-alleges and adopts the above paragraphs as if fully set forth herein and also asserts the following:

109. Defendants breached the contract with Sweat by failing to follow the terms for notice requirements agreed to in the mortgage contract as well as payment application. Defendants never sent the Plaintiff the required notices and failed to properly apply their payments. As a result Sweat is entitled to the following declaratory relief: (1) An Order declaring that they are not in default of their mortgage agreement and declaring the notice of default is null and void. (2) An order declaring that Defendants have no right or authority to foreclose on Sweat' property. (3) An Order prohibiting Defendants from foreclosing on Sweat' property.

**PLAINTIFF (Sweat) DEMANDS A TRIAL BY JURY.**

**WHEREFORE,** the Plaintiff having set forth her claims for relief against the Defendants respectfully pray of the Court as follows:

a. That the Plaintiff have and recover against the Defendants, a sum to be determined by this Court and their peers in the form of actual damages.

b. That the Plaintiff have and recover against the Defendants a sum to be determined by this Court in the form of compensatory and punitive damages.

c. That Plaintiff, Sweat, be awarded attorney fees and court cost.

d. That the Plaintiff have such other and further and proper relief as the Court may deem just and proper:

RESPECTFULLY SUBMITTED:

/s/ Kenneth James Lay
HOOD & LAY, LLC
1117 22nd Street South
Birmingham, Alabama 35205
Tel: (205) 323-4123
Fax:(205) 776-2040
Attorney for Plaintiff